**In re SUPERGUIDE CORPORATION, Petitioner.**

**No. 671.**

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 13, 2001.

Before SCHALL, BRYSON, and GAJARSA, Circuit Judges.

ON PETITION FOR WRIT OF MANDAMUS

BRYSON, Circuit Judge.

*ORDER*

SuperGuide Corporation petitions for a writ of mandamus to direct the United

States District Court for the Western District of North Carolina to vacate its order disqualifying Roderick G. Dorman, Lawrence M. Hadley, and the law firm of Hennigan, Bennett & Dorman, who collectively served as counsel for SuperGuide. Gemstar Development Corporation opposes. SuperGuide replies.

SuperGuide is the owner of three patents relating to electronic program guide technology. In 1993, SuperGuide exclusively licensed these patents to Gemstar with respect to certain "fields of use." The agreement was amended in 1995 and is currently in force. One of the issues in the present litigation is the scope of rights SuperGuide retained under the license agreement. In addition, Gemstar claims that SuperGuide breached the licensing agreement by failing to provide Gemstar notice of the lawsuit.

Roderick G. Dorman, SuperGuide's principal attorney in this action, previously represented Gemstar. Dorman stated that, from 1994 through 1999, he served as Gemstar's "lead, national trial counsel in substantially all patent infringement litigation that was initiated by Gemstar or by any of its subsidiaries." Dorman states that he became aware of the license agreement between SuperGuide and Gemstar in 1994, when he reviewed the license agreement to determine whether SuperGuide should be brought in as a party to an infringement action Gemstar was asserting against another company. During Dorman's representation of Gemstar, Dorman represented Gemstar in several patent infringement actions involving the licensed patents, although Dorman states that these actions did not involve the scope of rights SuperGuide retained under the license agreement or the "field of use" at issue in this case. In 1999, Dorman ceased representing Gemstar. In 2000, SuperGuide, based in part on Dorman's

"extensive knowledge of both the SuperGuide patents and the technology involved in electronic programming guide systems," hired Dorman, who was then a partner at Hennigan, Bennett & Dorman. Shortly thereafter, Dorman initiated this litigation on behalf of SuperGuide.

Under the applicable rules of professional conduct, "a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation." Revised Rules of Professional Conduct of the North Carolina Bar, Rule 1.9(a). In concluding that the "substantial relationship" test had been met and that disqualification was appropriate, the district court noted that even though Dorman was not involved in the negotiation of the 1993 license agreement and did not prosecute an action on behalf of Gemstar involving the precise issue involved in this case, Dorman represented Gemstar in lawsuits involving the same patents at issue here. In addition, an examination of time sheets prepared during 1994 and 1995 revealed that Dorman routinely developed litigation strategy for Gemstar, participated in negotiations and settlement discussions, and advised Gemstar's in-house counsel on how to proceed in matters involving Gemstar's license agreements, patents, and internal operations. Based on the evidence in the record, the district court concluded that Dorman had crucial knowledge of the parties' course of conduct under the license agreement and that "Dorman's extensive knowledge of Gemstar's patents, licensing agreements, electronic technology and internal operations" could be used to advance SuperGuide's position in this litigation. The district court also concluded that the issue whether SuperGuide breached the license

agreement by failing to provide notice to Gemstar before initiating the present litigation was clearly adverse to Gemstar and was "substantially related" to his representation of Gemstar.

Dorman argues that the "substantial relationship" test was not met because he was not involved in the negotiation of the 1993 License Agreement and because he never represented Gemstar in any matter concerning the rights retained by Super-Guide under the license agreement. Dorman states that he was not involved in negotiating the 1995 amendment to the licensing agreement and that he was copied only on non-privileged documents exchanged between SuperGuide and Gemstar. Dorman states the first time he analyzed the license agreement to determine the scope of rights retained by SuperGuide was immediately before filing this action on behalf of SuperGuide. In addition, Dorman argues that the district court used an improper standard for determining whether Dorman should be disqualified.

 A writ of mandamus will issue only in exceptional circumstances to correct a clear abuse of discretion or usurpation of judicial power by a trial court. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir.1988). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

██ We determine that Dorman has not shown he is entitled to the extraordinary remedy of mandamus. Dorman' has not shown "clearly and indisputably" that his prior representation of Gemstar was not

"substantially related" to his current representation of SuperGuide simply because he did not analyze the license agreement for the specific purpose of determining the scope of rights retained by SuperGuide, or because he did not participate in litigation directly relating to the license agreement during his representation of Gemstar. The district court found substantial evidence in the record indicating that Dorman had extensive knowledge of Gemstar's litigation strategy and of the parties' course of conduct under the license agreement. The district court also concluded that Dorman's knowledge would be useful during cross-examination of Gemstar's witnesses on the issue of the scope of rights retained under the license agreement, and that Dorman's knowledge would be used to advance SuperGuide's position in this litigation. It is undisputed that Dorman was Gemstar's "lead, national trial counsel in substantially all patent infringement litigation initiated by Gemstar or by any of its subsidiaries." Under these circumstances, Dorman has not met his burden of showing that the district court clearly abused its discretion in concluding that the "substantial relationship" test was met. In addition, Dorman has not shown "clearly and indisputably" that the district court used an improper standard in disqualifying Dorman or that the district court clearly abused its discretion in disqualifying Lawrence M. Hadley and the law firm of Hennigan, Bennett & Dorman.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.